**BRIAN T. DUNN, ESQ. (SBN 176502)**
bdunn@cochranfirm.com
**EDWARD M. LYMAN, ESQ. (SBN 248264)**
elyman@cochranfirm.com
**TIMAIAH SMITH, ESQ. (SBN 333587)**
tsmith@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| TAMMY BENDER, individually and as Successor in Interest to MARK MATTHEW BENDER, JR., deceased; <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SAN BERNARDINO, a municipal entity; and DOES 1 through 10, inclusive, <br><br><br> Defendants. | **CASE NO.:  5:21-cv-1459** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Violations of Civil Rights (42 U.S.C. §1983) (Based on Unreasonable Use of Deadly Force) <br> 2. Violations of Civil Rights [42 U.S.C. § 1983]) (Deprivation of Familial Relationship) <br> 3. Violations of Civil Rights [42 U.S.C. § 1983]) (Based on Unconstitutional Policy, Practice, or Custom) <br> 4. Wrongful Death (Battery) <br> 5. Wrongful Death (Negligence) <br> 6. Violations of Civil Rights (Cal.Civ. Code §52.1) <br><br> DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## THE PARTIES

3.     Plaintiff TAMMY BENDER is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff TAMMY BENDER is the natural mother of decedent MARK MATTHEW BENDER JR. ("MR. BENDER" or "Decedent").

4.     Plaintiff TAMMY BENDER sues both individually and in a

4.     representative capacity as a successor in interest to MR. BENDER pursuant to §377.30 of the California Code of Civil Procedure.  Attached as **Exhibit 1** is a true and correct copy of Plaintiff TAMMY BENDER's declaration as Successor in Interest to Decedent MR. BENDER.  A true and correct copy of MR. BENDER's death certificate is attached as **Exhibit 2**.

5.     Defendant CITY OF SAN BERNARDINO ("CITY") is, and at all relevant times mentioned was, a municipal entity, organized and existing under the laws of the State of California.  On or around February 17, 2021, a timely Claim for Damages was submitted to the City of San Bernardino in substantial compliance with California Government Code § 910, *et seq*. As of the date of the filing of this Complaint, said Claim has been denied.

6.    Plaintiff is informed and believes, and thereon alleges, that unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and the San Bernardino Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the San Bernardino Police Department.

7.    Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to her. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8.    Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

9.    Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

///

## FACTS COMMON TO ALL COUNTS

10.     This Complaint arises out of a fatal officer involved shooting that occurred during the evening of October 22, 2020 at or around the 200 block of West Base Line Street in the City of San Bernardino, and State of California. During the subject incident, an unknown police officer (hereinafter "DOE Officer") employed by and acting in the course and scope of his employment with the City of San Bernardino and the San Bernardino Police Department, negligently assessed the circumstances presented to him, and violently confronted Plaintiffs' decedent, MARK BENDER, without probable cause or reasonable suspicion to believe that MR. BENDER had committed a crime, or would commit a crime in the future. Thereafter, without warning, said DOE officer proceeded to assault and batter MR. BENDER by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department issued firearm at the person of MR. BENDER, inficting multiple gunshot wounds. After surviving for an appreciable period of time and enduring great mental and physical pain and anguish, MR. BENDER died as a result of these wounds, suffering pre-death pain and suffering, and the loss of enjoyment of life, in an amont to be determined at the trial of this matter.  Following the shooting, said DOE Officer denied medical care to MR. BENDER in a manner that demonstrated deliberate indifference to his constitutional rights.

11.     At no time during the course of these events did MR. BENDER pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, MR. BENDER posed no immediate threat of death or serious bodily injury to the Defendant DOE OFFICER, nor to any other person. Prior to and during the time in which he was shot dead, MR. BENDER made no aggressive movements, furtive gestures, or physical movements which

4

would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant DOE Officer shot and killed MR. BENDER, the Defendant DOE Officer, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that MR. BENDER posed an immediate threat of death or serious bodily injury to any person.

## FIRST CAUSE OF ACTION

**By Plaintiff against Does 1-10, in their individual capacities for**

**Violations of Civil Rights, 42 U.S.C. § 1983**

**(Based on Unreasonable Use of Deadly Force)**

12.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

13.     This cause of action is brought on behalf of decedent MR. BENDER, by and through Plaintiff TAMMY BENDER in her capacity as Successor in Interest to MR. BENDER, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MR. BENDER, by the Fourth Amendment to the United States Constitution, including, but not limited to, MR. BENDER'S right to be free from unreasonable governmental seizures of his person.

14.     Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant DOE Officer was employed by Defendant CITY and the San Bernardino Police Department, and was acting under color of state law and within the course and scope of their employment with Defendant CITY and the San Bernardino Police Department.

15.     At no time during the course of these events did MR. BENDER pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against

him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, MR. BENDER posed no immediate threat of death or serious bodily injury to the Defendant DOE OFFICER, nor to any other person. Prior to and during the time in which he was shot dead, MR. BENDER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant DOE Officer shot and killed MR. BENDER, the Defendant DOE Officer, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that MR. BENDER posed an immediate threat of death or serious bodily injury to any person.

16.    At all times mentioned herein, the Defendant DOE Officer acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY. The Defendant DOE Officer deprived MR. BENDER of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

17.    MR. BENDER had the right to be free from unreasonable governmental seizures of his person, a right which was secured to MR. BENDER by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Officer, which proximately caused the death of MR. BENDER

18.    Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing the person of MR. BENDER, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officer acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of his acts

and omissions, and purposefully with the intent to deprive MR. BENDER of his constitutionally protected rights and privileges, and did in fact violate MR. BENDER'S constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officer in an amount to be proven at trial.

19.  As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officer, MR. BENDER suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

20.  As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officer, MR. BENDER was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

21.  Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**By Plaintiff against Does 1-10, in their individual capacities for**

**Violations of Civil Rights, 42 U.S.C. § 1983**

**(Deprivation of Familial Relationship)**

22.  Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

23.  This cause of action is brought by Plaintiff TAMMY BENDER in her individual capacity, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights,

privileges, and/or immunities secured to Plaintiff by the Fourteenth Amendment to the United States Constitution, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, MR. BENDER, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, MR. BENDER, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

24.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Officer. Defendant CITY provided its individual employees and agents, including the Defendant DOE Officer, with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the San Bernardino Police Department.

25.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant DOE Officer was employed by Defendant CITY and the San Bernardino Police Department, and was acting under color of state law and within the course and scope of his employment with Defendant CITY and the San Bernardino Police Department.

26.    At all times relevant to the acts and omissions alleged herein, the Defendant DOE Officer, while acting under color of state law and within the course and scope of his employment with Defendant CITY and the San Bernardino Police Department, violently confronted MR. BENDER without having probable cause or reasonable suspicion to believe that MR. BENDER had committed a crime, or would commit a crime in the future.

27.    The Defendant DOE Officer approached MR. BENDER while side gripping his department-issued firearm as he pointed it directly at MR. BENDER'S person. Without warning, the Defendant DOE Officer proceeded to assault and batter MR. BENDER by acts, which included, but were not limited to, repeatedly

8

and unjustifiably assaulting MR. BENDER with his department-issued firearm, repeatedly and unjustifiably discharging his department-issued firearm at the person of MR. BENDER, and inflicting multiple gunshot wounds to the person of MR. BENDER, which proved to be fatal.

28.     Following the shooting, the Defendant DOE Officers denied medical care to MR. BENDER in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, MR. BENDER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officer.

29.     At no time during the course of these events did MR. BENDER pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, MR. BENDER posed no immediate threat of death or serious bodily injury to the Defendant DOE OFFICER, nor to any other person. Prior to and during the time in which he was shot dead, MR. BENDER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant DOE Officer shot and killed MR. BENDER, the Defendant DOE Officer, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that MR. BENDER posed an immediate threat of death or serious bodily injury to any person.

30.     Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant DOE Officer was faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of MR. BENDER, and with a conscious disregard for the risks posed to the safety of MR. BENDER when he shot

MR. BENDER Plaintiff is further informed and believes, and thereon alleges, that at all times relevant to the acts and omissions alleged herein, the Defendant DOE Officer acted with a purpose to harm unrelated to any legitimate law enforcement objective when he shot MR. BENDER At all times relevant to the acts and omissions alleged herein, the Defendant DOE Officer's actions in shooting MR. BENDER would be considered to "shock the conscience."

31.     At all times mentioned herein, the Defendant DOE Officer acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and Defendant CITY.  By causing the injuries to and death of MR. BENDER, the Defendant DOE Officer deprived Plaintiff of the rights, privileges, and/or immunities secured to her by the Fourteenth Amendment to the United States Constitution and the laws of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, MR. BENDER, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, MR. BENDER and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit, all of which were secured to Plaintiff by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Officer, which proximately caused the death of MR. BENDER.

32.     Plaintiff is informed, believes, and thereon alleges that in shooting and killing MR. BENDER, the Defendant DOE Officer acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff and Plaintiff's decedent of their constitutionally protected rights and privileges, and did in fact violate Plaintiff's and Plaintiff's decedent's

10

constitutionally protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officer in an amount to be proven at trial.

33.    As a direct and proximate result of the wrongful acts and omissions of the Defendant DOE Officer, and the ensuing death of MR. BENDER,  Plaintiff was thereby deprived of her constitutional right to a familial relationship with MR. BENDER.

34.    As a further direct and proximate result of the wrongful acts and omissions of the Defendant DOE Officer, and the ensuing death of MR. BENDER, Plaintiff has suffered extreme and severe emotional distress, mental anguish, and pain, and has sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of MR. BENDER in an amount according to proof at trial.

35.    As a further direct and proximate result of the wrongful acts and omissions of the Defendant DOE Officer, and the ensuing death of MR. BENDER, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

36.    Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

**By Plaintiff against all Defendants and Does 1-10 for**

**Violations of Civil Rights, 42 U.S.C. § 1983**

**(Based on Unconstitutional Policy, Practice, or Custom)**

37.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth at this point.

38.    This cause of action is brought on behalf of decedent MR. BENDER, by

11

and through Plaintiff TAMMY BENDER, in her capacity as Successor in Interest to MR. BENDER, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MR. BENDER by the Fourth Amendment to the United States Constitution including, but not limited to, MR. BENDER'S right to be free from unreasonable governmental seizures of his person.

39.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant CITY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Officers. Defendant CITY provided its individual employees and agents, including the Defendant DOE Officers, with official badges and identification cards that designated and described the bearers as employees of Defendant CITY and the San Bernardino Police Department.

40.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions alleged herein, the Defendant DOE Officers were employed by Defendant CITY and the San Bernardino Police Department, and were acting under color of state law and within the course and scope of their employment with Defendant CITY and the San Bernardino Police Department.

41.    As set forth in the foregoing paragraphs of this Complaint, the Defendant DOE Officer, while acting under color of state law and within the course and scope of his employment with Defendant CITY and the San Bernardino Police Department, violated the Fourth Amendment rights of MR. BENDER by acts which included, but were not limited to, using excessive and unreasonable force against MR. BENDER As described in this Complaint, the shooting of MR. BENDER was an unconstitutional display of an unreasonable seizure, and of the use of excessive force, which violated MR. BENDER'S Fourth Amendment right to be free from unreasonable governmental seizures of his person.

12

42.    Plaintiff is informed, believes, and thereon alleges that the Defendant DOE Officer's shooting of MR. BENDER, a man who posed no immediate threat of death or serious bodily to the Defendant DOE Officer, nor to any other person, demonstrated that the training policies of Defendant CITY were not adequate to train San Bernardino Police Department officers to handle the usual and recurring situations with which they must deal, as evidenced by the following specific acts and omissions of the Defendant DOE Officer in his response to the incident that occurred on October 22, 2020:

43.    The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino Police Department is for law enforcement officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to detain and/or arrest suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Prior to and during the time in which the Defendant DOE Officer shot MR. BENDER, he acted in flagrant contravention of this well-established standard of care.

44.    The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential detainees and/or arrestees prior to using deadly force. Prior to and during the time in which the Defendant DOE Officer shot MARK BENDER, JR., he acted in flagrant contravention of this well-established standard of care.

45.    The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Prior to and during the

13

time in which the Defendant DOE Officer shot MR. BENDER, he acted in flagrant contravention of this well established standard of care.

46.     The tactical standard of care for law enforcement agencies similarly situated to the  San Bernardino Police Department is for law enforcement officers employed by such agencies to keep a safe distance from  suspects and/or potential detainees and/or arrestees whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Prior to and during the time in which the Defendant DOE Officer shot MR. BENDER he acted in flagrant contravention of this well-established standard of care.

47.     The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential detainee and/or arrestee prior to using deadly force. Prior to and during the time in which the Defendant DOE Officer shot MR. BENDER, he acted in flagrant contravention of this well-established standard of care.

48.     The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino Police Department is for law enforcement officers employed by such agencies to attempt to control an incident by using time, distance, communication, and available resources in an effort to de-escalate the situation, reduce the intensity of the encounter, and enable the officers to have additional options to mitigate the need to use force. Prior to and during the time in which the Defendant DOE Officer shot MR. BENDER, he acted in flagrant contravention of this well-established standard of care.

49.     The tactical standard of care for law enforcement agencies similarly situated to the San Bernardino Police Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force so as

14

to avoid exposing persons and property to unnecessary fire. Prior to and during the time in which the Defendant DOE Officer shot MR. BENDER, he acted in flagrant contravention of this well-established standard of care.

50.    Plaintiff is informed, believes, and thereon alleges that prior to October 22, 2020, the Defendant DOE Officer received training and instruction in police tactics and procedures from Defendant CITY and the San Bernardino Police Department in ways which included, but were not limited to, his attendance at a police academy, his attendance at department briefings, his attendance at mandatory and voluntary training seminars, his attendance at roll call at his station(s) prior to his assigned shift(s), his receipt of departmental policy and training manuals, his receipt of departmental training bulletins, and his receipt of departmental correspondence, including electronic mail.

51.    Plaintiff is informed, believes, and thereon alleges that on and before October 22, 2020, encounters with persons like MR. BENDER were common among San Bernardino Police Department officers similarly situated to the Defendant DOE Officer, and such encounters were a recurring situation faced by San Bernardino Police Department officers similarly situated to the Defendant DOE Officer.

52.    Plaintiff is informed, believes, and thereon alleges that the persons responsible for training the Defendant DOE Officer, including, but not limited to, his field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policymakers and decision makers within the San Bernardino Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to the Defendant DOE Officer and officers similarly situated to the Defendant DOE

15

Officer would be that persons who do not pose an immediate threat of death or serious bodily injury to the officers or others, such as MR. BENDER, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

53.     Plaintiff is informed, believes, and thereon alleges that notwithstanding the fact that the training personnel responsible for training the Defendant DOE Officer knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause the above-referenced tactical training to be taught to the Defendant DOE Officer and officers similarly situated to the Defendant DOE Officer would be that persons who do not pose an immediate threat of death or serious bodily to the officers or others, such as MR. BENDER, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above-enumerated areas.

54.     Plaintiff is informed, believes, and thereon alleges that Defendant CITY was deliberately indifferent to the obvious consequences of its failure to adequately train San Bernardino Police Department officers, including the Defendant DOE Officer.

55.     Plaintiff is informed, believes, and thereon alleges that the failure of Defendant CITY and the San Bernardino Police Department training personnel responsible for training San Bernardino Police Department officers, including the Defendant DOE Officer, to provide adequate training to San Bernardino Police Department officers, including the Defendant DOE Officer, caused MR. BENDER to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force, and is so closely related to the deprivation of MR. BENDER'S Fourth Amendment rights as to be the moving force that caused the ultimate injury.

56.     As a direct and proximate result of the wrongful, intentional, and

malicious acts and omissions of the Defendant DOE Officer, MR. BENDER was shot and killed on October 22, 2020, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

57.   As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officer, MR. BENDER was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

58.   Plaintiff is entitled to and hereby demands costs, attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

**By Plaintiff against all Defendants and Does 1-10 for**

**Wrongful Death, Cal. Govt. Code, §§ 815.2(a), 820(a) and Cal. Civ. Code § 43**

**(Based on Battery)**

59.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth at this point.

60.   All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

61.   During the subject incident, an unknown police officer (hereinafter "DOE Officer") employed by and acting in the course and scope of his employment with the City of San Bernardino and the San Bernardino Police Department, negligently assessed the circumstances presented to him, and violently confronted Plaintiffs' decedent, MARK BENDER, without probable cause or reasonable

suspicion to believe that MR. BENDER had committed a crime, or would commit a crime in the future. Thereafter, without warning, said DOE officer proceeded to assault and batter MR. BENDER by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department issued firearm at the person of MR. BENDER, inflicting multiple gunshot wounds. After surviving for an appreciable period of time and enduring great mental and physical pain and anguish, MR. BENDER died as a result of these wounds, suffering pre-death pain and suffering, and the loss of enjoyment of life, in an amount to be determined at the trial of this matter.

62.     As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Officer, MR. BENDER was shot on October 22, 2020. After surviving for an appreciable period of time following the shooting, MR. BENDER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officer.

63.     At no time during the course of these events did MR. BENDER pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Prior to and during the time in which he was fatally shot, MR. BENDER posed no immediate threat of death or serious bodily injury to the Defendant DOE OFFICER, nor to any other person. Prior to and during the time in which he was shot dead, MR. BENDER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant DOE Officer shot and killed MR. BENDER, the Defendant DOE Officer, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that MR. BENDER posed an immediate threat of death or serious bodily injury to any person.

64.     Plaintiff is informed, believes, and thereon alleges that in shooting MR. BENDER, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officer acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive MR. BENDER of his protected rights and privileges, and did in fact violate MR. BENDER'S protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officer in an amount to be proven at trial.

65.     As a direct and proximate result of the above-described conduct of the Defendant DOE Officer, and the ensuing death of MR. BENDER, MR. BENDER'S heir, Plaintiff  TAMMY BENDER has sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and  benefits of MR. BENDER in an amount according to proof at trial.

66.     As a further direct and proximate result of the above-described conduct of the Defendant DOE Officer, and the ensuing death of MR. BENDER, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

**Plaintiff against all Defendants and Does 1-10 for**

**Wrongful Death, Cal. Govt. Code, §§815.2(a), 820(a) and Cal. Civ. Code §43**

**(Based on Negligence)**

67.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth at this point.

68.     All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment

19

1    pursuant to California Government Code §§ 815.2(a) and 820(a).

2    69.    Plaintiff is informed, believes, and thereon alleges that on and before

3    October 22, 2020, the Defendant DOE Officer had a duty to exercise the reasonable

4    and ordinary care that would be expected of similarly situated law enforcement

5    officers in the use of deadly force, and a duty to exercise the reasonable and ordinary

6    care that would be expected of similarly situated law enforcement officers in the

7    execution of police tactics and police procedures in approaching and/or attempting to

8    detain and/or arrest persons who do not pose an immediate threat of death or serious

9    bodily injury to the officers or others. Notwithstanding each of these duties, the

10    Defendant DOE Officer failed to exercise reasonable and ordinary care in

11    committing the acts alleged herein, by acts and omissions which include, but are not

12    limited to:

13        a.  Negligently failing to utilize additional department personnel and
14            resources during the incident involving MR. BENDER

15        b.  Negligently failing to utilize available forms of cover and concealment
16            during the incident involving MR. BENDER

17        c.  Negligently failing to maintain a position of tactical advantage during
18            the incident involving MR. BENDER

19        d.  Negligently failing to communicate and/or effectively communicate with
20            other departmental personnel and resources, and with MR. BENDER,
21            during the incident involving MR. BENDER

22        e.  Negligently failing to utilize and/or appropriately utilize less lethal force
23            options and other alternatives less intrusive than deadly force during the
24            incident involving MR. BENDER

25        f.  Negligently failing to de-escalate the situation involving MR. BENDER,

26        g.  Negligently employing a tactical response to the situation involving MR.
27            BENDER that resulted in the unnecessary and preventable shooting of
28            MR. BENDER

h. Negligently failing to determine the fact that MR. BENDER posed no immediate threat of death or serious bodily injury to any person when he was shot.

i. Negligently inflicting physical injury upon MR. BENDER, as described herein, and;

j. Negligently employing deadly force against MR. BENDER, when the same was unnecessary and unlawful.

70. All of these negligent acts proximately caused MR. BENDER'S death on October 22, 2020.

71. As a proximate result of the above-described negligent conduct of the Defendant DOE Officer, MR. BENDER suffered enduring great mental and physical pain and anguish for an appreciable amount of time before he died because of said negligent conduct.

72. As a direct and proximate result of the above-described negligent conduct of the Defendant DOE Officer, and the ensuing death of MR. BENDER, MR. BENDER'S heir, Plaintiff TAMMY BENDER, has sustained substantial economic and noneconomic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, financial support, and gifts and benefits of MR. BENDER in an amount according to proof at trial.

73. As a further direct and proximate result of the above-described negligent conduct of the Defendant DOE Officer, and the ensuing death of MR. BENDER, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

///

///

///

///

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

**By Plaintiff against all Defendants and Does 1-10 for**

**Violations of the Civil Rights Act**

**Cal. Civil Code, §52.1 and Cal. Govt. Code, §§815.2(a), 820(a)**

74.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth at this point.

75.     All claims asserted herein against Defendant CITY are presented pursuant to Defendant CITY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

76.     This cause of action is brought on behalf of decedent MR. BENDER, by and through Plaintiff TAMMY BENDER, in her capacity as Successor in Interest to MR. BENDER, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation of rights, privileges, and/or immunities secured to MR. BENDER, by the laws of the United States and the United States Constitution, the California Constitution, and the laws of the State of California, including California Civil Code § 52.1.

77.     As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Officer, MR. BENDER was shot on October 22, 2020.After surviving for an appreciable period of time following the shooting, MR. BENDER died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officer.

78.     At no time during the course of these events did MR. BENDER pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officer who shot him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

79.     Prior to and during the time in which he was fatally shot, MR. BENDER posed no immediate threat of death or serious bodily injury to the Defendant DOE

OFFICER, nor to any other person. Prior to and during the time in which he was shot dead, MR. BENDER made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Prior to and during the time in which the Defendant DOE Officer shot and killed MR. BENDER, the Defendant DOE Officer, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that MR. BENDER posed an immediate threat of death or serious bodily injury to any person.

80.    California Civil Code § 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for that person's exercise of his or her constitutional rights.

81.    Plaintiff is informed, believes, and thereon alleges that the Defendant DOE Officer, while acting under color of state law and within the course and scope of his employment with Defendant CITY and the San Bernardino Police Department, intentionally committed and attempted to commit acts of violence against MR. BENDER, and/or acted with reckless disregard for MR. BENDER'S civil rights, by repeatedly and unjustifiably assaulting MR. BENDER with his department-issued firearm, repeatedly and unjustifiably discharging his department-issued firearm at the person of MR. BENDER, and inflicting multiple gunshot wounds to the person of MR. BENDER without justification or excuse.

82.    When the Defendant DOE Officer shot MR. BENDER, he interfered with MR. BENDER'S civil rights, including, but not limited to, MR. BENDER'S right to be free from unreasonable government seizures of his person under the Fourth Amendment to the United States Constitution, MR. BENDER'S right to be secure in his person against unreasonable seizures under Article I, Section 13 of the California Constitution, and MR. BENDER'S right of protection from bodily restraint and harm under California Civil Code § 43.

83.    Plaintiff is informed, believes, and thereon alleges that the Defendant

DOE Officer intentionally and spitefully committed the above-described acts to discourage MR. BENDER from exercising his civil rights, retaliate against MR. BENDER for invoking his civil rights, and/or prevent MR. BENDER from exercising his civil rights, and/or acted with reckless disregard for MR. BENDER'S civil rights, which MR. BENDER was fully entitled to enjoy.

84.     Plaintiff is informed, believes, and thereon alleges that MR. BENDER reasonably believed and understood that the violent acts committed by the Defendant DOE Officer were intended to discourage him from exercising his above-described civil rights, retaliate against him for invoking his above- described civil rights, and/or prevent him from exercising his above-described civil rights.

85.     Plaintiff is informed, believes, and thereon alleges that the Defendant DOE Officer successfully interfered with the above-described civil rights of MR. BENDER.

86.     The wrongful, intentional, and malicious conduct of the Defendant DOE Officer described herein was a substantial factor in causing MR. BENDER'S harms, losses, injuries, and damages.

87.     Plaintiff is informed, believes, and thereon alleges that in intentionally committing and attempting to commit acts of violence against MR. BENDER, and/or in acting with reckless disregard for MR. BENDER'S civil rights, and thereby interfering with MR. BENDER's civil rights, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officer acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard for and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive MR. BENDER of his protected rights and privileges, and did in fact violate MR. BENDER'S protected rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officer in an amount to be proven at trial.

88.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officer, MR. BENDER was shot and killed on October 22, 2020, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

89.     As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officer, MR. BENDER was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

90.     Plaintiff seeks treble damages, attorney's fees, and costs and expenses for this claim pursuant to California Civil Code §§ 52 and 52.1.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For compensatory damages, including wrongful death damages, survival damages, and general and special damages, in an amount according to proof at trial;

3.     For medical and related expenses according to proof at trial;

4.     For costs of suit incurred herein;

5.     For attorneys' fees incurred herein, as provided by law;

6.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial;

7.     For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.


DATED: August 26, 2021               Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By: /s/ Timaiah Smith
    BRIAN T. DUNN
    EDWARD M. LYMAN
    TIMAIAH SMITH
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES